UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RITA RAE FONTENOT** | **CASE NO. 2:22-CV-05914** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SAFECO INSURANCE CO OF OREGON** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Safeco Insurance Company of Oregon's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)" (Doc. 7) wherein Safeco Insurance moves to dismiss Plaintiff's claims of fraud. Plaintiff has not filed an opposition to the motion and the time for doing so has now lapsed.

## INTRODUCTION

On or about august 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana. During the relevant time period, Defendant, Safeco Insurance, provided Plaintiff a homeowner's insurance policy.[1] Plaintiff complains that Safeco Insurance failed to afford Plaintiff a fair or satisfactory appraisal of her damages, and as a result paid Plaintiff a sum far below the estimated cost to repair and restore the home.[2] In addition to other claims, Plaintiff makes allegations of fraud.

---

[1] Doc.1.
[2] *Id.*

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Safeco Insurance argues that Plaintiff has failed to state a claim for fraud upon which relief can be granted because the Petition lacks the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Safeco Insurance moves to dismiss the fraud claim with prejudice.

Safeco Insurance remarks that ¶ 19.C.1 of the Petition merely quotes Louisiana Civil Code article 1953 as to Plaintiff's fraud allegation. The Fifth Circuit interprets this rule strictly and "requires a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were made, and explain why the statements are fraudulent." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338-39 (5th Cir. 2008)); see also *Evans Law Corp., APLC v. Burgos*, 2017 WL 4882413 at *4 (E.D. La. Oct. 30, 2017) ("Generally, such a statement should include the time, place, and contents of the false representation, as well as the identity of the person making the misrepresentation and what the person obtained thereby." (internal quotation marks and citations omitted)).

As noted by Safeco Insurance, Plaintiffs has failed to allege with particularity any statements as to when, where or how a fraudulent statement was made. As such, Plaintiff has failed to explain how the factual allegations contained in the Petition meet the definition of fraud alleged therein.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 7) will be granted dismissing with prejudice Plaintiff's claims of fraud.

**THUS DONE AND SIGNED** in Chambers on this 12th day of December, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE